**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

LEONARD C. WHITE,

       Plaintiff,

v.                                                                                             Case No. 21-CV-146

CITY OF MILWAUKEE,
THOMAS J. KOTNIK, JR.,
GREGORY T. RUPNICK,
MICHAEL R. SCHWANDT, and
KIM LASTRILLA,

       Defendants.

## DEFENDANTS' MOTIONS IN LIMINE

Defendants, by and through their attorney, Tearman Spencer, City Attorney, by Assistant City Attorney Ryan J. Harrington, respectfully submit these Motions *in Limine* to exclude any statements, reference, testimony, evidence, or argument regarding 1) the defendant officers' personnel files, any disciplinary history, and/or any other allegations of misconduct; 2) personnel files, any disciplinary history, and/or any other allegations of misconduct by any other testifying officer; 3) contentions that defendant officers were improperly hired, trained, or supervised; 4) violations of any MPD rule or SOP violation by defendant officers; 5) any argument that the jury should send a message to the city, any of its departments, or officials with a verdict, or that the jury should punish the city, any of its departments or officials with a verdict; and 6) the City's obligation to indemnify defendants. Further, the defendants move to exclude all non-party witnesses.

**INTRODUCTION**

The allegations outlined in Mr. White's civil complaint stem from a series of incidents during the months of January, February and March of 2018 involving several officers of the Milwaukee Police Department as named defendants. There are no *Monell* claims, and no claims regarding negligent hiring, supervision, or failure to discipline. The remaining defendants are Thomas Kotnik, Jr., Gregory Rupnick, Michael R. Schwandt, and Kim Lastrilla.

In this complaint, Mr. White alleges that defendant officers made, and caused to be disseminated, false and malicious statements to area communities, residents and business owners that Mr. White was being sought for raping and nearly killing a young girl, and that said actions resulted in Mr. White, at various times, being shot, physically assaulted, harassed, chased, and nearly killed, all while suffering damage to his reputation and other damages to be proven at trial.

Defendants seek to exclude any reference to or evidence relating to the topics listed in this motion. First, a brief discussion of the federal rules of evidence that are applicable to this motion.

**1.  Rule 401 – Definition of "Relevant Evidence"**

"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

This Rule is to be interpreted liberally. The Supreme Court has stated that there is a "low threshold" for establishing that evidence is relevant. *Tennard v. Dretke*, 542 US 274, 285, 124 S.Ct. 2362, 2570, 159 L.Ed. 384 (2004). *See also United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012); *Adams v. Ameritech Services, Inc.* 231 F.3d 414, 425 (7th Cir. 2000).

The following comment is particularly apt with respect to the definition of "relevant evidence":

> "Relevancy is not an intrinsic characteristic of any item of proffered evidence. Rather, it exists only as a function of the relationship between that item of evidence and a matter properly provable in the case. The question is whether the evidence that is asserted to be relevant tends to prove the matter which it is offered to prove, and, further, whether that matter has any bearing on the issues in the case."

C.M. Grant and K. Zelvin, *Federal Trial Evidence* (2nd Ed, 2009) hereafter ("Grant & Zelvin") p. 85.

### 2. Rule 402 – Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

*See, United States v. Parker*, 716 F.3d 999, 1009-1010 (7th Cir. 2013); *United States v. Burge*, 711 F.3d 803, 814 (7th Cir. 2013); *United States v. Baker,* 655 F.3d 677, 681 (7th Cir. 2011).

Rule 402 is essentially a corollary to Rule 401, *Boros*, *supra,* at 907. There exist a number of exceptions in the Rules and other enactments to the blanket rule of admissibility of relevant evidence, including, among others, the balancing inquiry of "unfair prejudice" prescribed by Rule 403, *infra*. *United States v. Earls*, 704 F.3d 466, 471 (7th Cir. 2012); *United States v. Miller*, 673 F.3d 688, 696-697 (7th Cir. 2012). *See also,* Grant and Zelvin, *supra,* pp. 95-96.

### 3. Rule 403 – Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time

> "The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Rule 403 permits even relevant evidence to be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion or delay. It mandates the application of a balancing test between probative value and the risk of unfair prejudice. *See*, *United States v. McMillan*, 744 F.3d 1033, 1039 (7th Cir. 2014); *United States v. Foley*, 740 F.3d 1079, 1088 (7th Cir. 2014). "When determining the admissibility of evidence under Rule 403, this Court [7th Circuit] "employ[s] a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *Earls*, *supra*, at 471 quoting *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012). In Grant and Zelvin, *supra*, p. 114, the following is stated:

> This is a "catch-all rule" which can be applied to any other rule of evidence. Evidence that may otherwise be admissible under other rules of evidence can be made inadmissible under this rule. Rule 401 should be viewed in conjunction with this rule because, by its terms, evidence which is relevant will not be admissible if it does not meet the standards of Rule 403.
>
> All of the Federal Rules of Evidence should be read in the context of Rule 403; every objection should take this rule into account. If evidence is deemed relevant under Rule 401, i.e., 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence,' it may nevertheless be excluded by the court under Rule 403. If the weight of the opposing consideration substantially outweighs the probative value of the evidence, the evidence may be excluded.

4. **Rule 404 – Character Evidence; Crimes or Other Acts**

Rule 404(b) states:

(b) Crimes, Wrongs, or Other Acts.

> (1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses; Notice in a Criminal Case*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

Rule 404(b)'s prohibition of admission of evidence of crimes, wrongs, or other acts as character evidence is clear and unambiguous. The 7th Circuit stated that

> [u]nder our new analysis, "[t]he proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way ... through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." If that is done, the court must "assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice," and this "balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case."

*United States v. Clark*, 774 F.3d 1108, 1114–15 (7th Cir. 2014) (citations omitted).

## ARGUMENT

A. **The Officers' Personnel Files**

Any and all mention of any disciplinary history or allegations of misconduct contained in the officers' inadmissible personnel files, the admission of which the defendants would object to under Fed. R. Evid. 402, 403 and 404(b), should also be excluded as unfairly prejudicial under Fed. R. Evid. 403. The probative value, if any, of admitting any such evidence would outweigh the clear prejudice against the defendant officers.

5

Moreover, admission is prohibited by Fed. R. Evid. 404(b) as it would merely be done in an effort to convince the jury that the defendant officers are "bad cops" and have a propensity towards misconduct. *See Munley v. Carlson*, 125 F. Supp. 2d 1117, 1119 (N.D. Ill. 2000) (Evidence relating to prior disciplinary actions against law enforcement officers is not admissible under Fed. R. Evid. 404(b) to show that the officer acted in conformity with his character). The only real purpose of this evidence is to attempt to show that the defendant officers or police officer witnesses acted in conformity with their prior bad acts at the time of the plaintiff's allegations. Any reference to any disciplinary history or allegations of past misconduct is distracting, carries an unacceptable risk of unfair prejudice and would tend to create a series of mini-trials regarding the merit of other allegations.

### B. Contentions That Any Officers Were Improperly Hired, Trained, or Supervised

Plaintiff may intend to offer evidence that the named defendants were improperly hired, trained, or supervised, and that superior officers turned a blind eye to the alleged misconduct of the officers. There is no *Morell* claim in this action and allowing any evidence of this nature is not relevant and would unfairly prejudice the defendants.

### C. Barring Arguments That the Jury Should Send a Message to the City with a Verdict or Somehow Punish the City

The plaintiff should be prohibited from arguing that jurors should, or need to, send a message and/or punish the city of Milwaukee or the Milwaukee Police Department with its verdict. As indicated previously there is no *Monell* claim that would permit such an argument to be raised.

# CONCLUSION

Based on the foregoing arguments and authorities, defendants respectfully request that the Court enter an Order *in Limine* precluding any statements, reference, testimony, evidence, or argument regarding 1) the defendant officers' personnel files, any disciplinary history, and/or any other allegations of misconduct; 2) personnel files, any disciplinary history, and/or any other allegations of misconduct by any other testifying officer; 3) contentions that defendant officers were improperly hired, trained, or supervised; 4) violations of any MPD rule or SOP violation by defendant officers; 5) any argument that the jury should send a message to the city, any of its departments, or officials with a verdict, or that the jury should punish the city, any of its departments or officials with a verdict; 6) the City's obligation to indemnify defendants. In addition, the defendants move to exclude all non-party witnesses.

Dated and signed at Milwaukee, Wisconsin this 22nd day of September, 2022.

TEARMAN SPENCER
City Attorney

s/ RYAN J. HARRINGTON
Assistant City Attorney
State Bar No. 1024903
*Attorneys for Defendants*

ADDRESS:
200 E. Wells Street
CH 800
Milwaukee, WI 53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email: ryharri@milwaukee.gov

1032-2021-147/281868