UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONARD C. WHITE,

       Plaintiff,

v.

Civil Action No. 2:21-cv-146-BHL

CITY OF MILWAUKEE, a body politic,
THOMAS J. KOTNIK, JR., individually,
GREGORY T. RUPNICK, individually,
MICHAEL R. SCHWANDT, individually, and
KIM LASTRILLA, individually,

       Defendants.

## PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff moves this Court for an order granting the following motions *in limine*. These motions are based on the court record in this action, the declaration of James P. End, and the exhibits thereto, and for the court's convenience each motion incorporates supportive legal authority. No separate brief will be filed.

**1. Motion to Preclude Arguments or Assertions by Defense Counsel and Defendants that Mr. White's Prior Drug Use Implies Dishonesty.**

Mr. White testified at his deposition that he has a history of past drug use. (See forthcoming transcript.[1]) Counsel for the Defendants continued to ask Mr. White numerous follow up questions about his drug use throughout the deposition. (Id.) It is likely that the Defendants will attempt to use Mr. White's past drug use against him at the trial. However, such attempts must be quelled by this Court. It is the longstanding law of the Seventh Circuit that "the inference that drug users tend

---

[1] Per the Court's August 19, 2022 Order permitting the defendants to take Mr. White's deposition by September 23, 2022, Mr. White's deposition was held on September 13, 2022. Plaintiff's counsel is awaiting the transcript.

1

to lie . . . is impermissible." *Kunz v. DeFelice,* 538 F.3d 667, 677 (7th Cir. 2008) (citing *United States v. Robinson,* 956 F.2d 13888, 1397-98 (7th Cir. 1992)). Even in situations where the defendants may seek to use Mr. White's past drug use to probe his ability to recollect information, the Seventh Circuit has emphasized caution: "there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *Id.* (citing *United States v. Cameron,* 814 F.2d 403, 405 (7th Cir. 1987)). With this in mind, the Seventh Circuit has instructed courts to be "chary" in admitting such evidence. *Id.* Accordingly, Mr. White requests that his motion *in limine* no. 1 be granted.

2. **Motion to Exclude References to Any of Mr. White's Criminal Convictions Prior to 2012.**

Mr. White has a significant, non-violent criminal history in the State of Wisconsin, and the defendants have made their intention to paint Mr. White as a dishonest criminal very clear in this case. At Mr. White's deposition, the bulk of the questions concerned the various criminal charges and convictions Mr. White has in his record. (See forthcoming transcript.)

When a conviction is older than ten years, there must be a showing that the probative value, supported by specific facts and circumstances, substantially outweigh its prejudicial effect. Fed. R. Evid. 609(b)(1). In this case, the only convictions that are arguably probative of material issues would be Mr. White's 2018 convictions for burglary of a building/dwelling. Mr. White's claims stem from the defendant Milwaukee Police Department officer's attempts to locate Mr. White in connection with these burglaries, and they could arguably be relevant for contextual purposes. Accordingly, because the defendants cannot show that the probative value of any pre-2012 convictions outweigh their prejudicial effect and because they have not provided written notice of their intent to use such convictions, any reference to the pre-2012 convictions should be excluded.

Even assuming, *arguendo*, that the defendants did provide the proper notice, any probative value of this evidence is substantially outweighed by the danger of unfair prejudice to Mr. White, and such evidence could only inflame a jury and unduly prejudice Mr. White's opportunity for a fair trial based on the facts of this separate incident. *United States v. Galati*, 230 F.3d 254, 262 (7th Cir. 2000) (prior alcohol or drugs incidents are generally inadmissible due to the danger of unfair prejudice). In fact, the Seventh Circuit has held that "evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *Id.* (quoting *United States v. Neely,* 980 F.2d 1074, 1081 (7th Cir. 1992). Additionally, Mr. White's prior burglary convictions, drug convictions, and theft conviction do not involve crimes of dishonesty pursuant to F.R.E. 609(a)(2). *See United States v. Cameron,* 814 F.2d 403, 406 (7th Cir. 1987) (quoting H.R. Conf. Rep. No. 93-1597, 93rd Cong., 2nd Sess. 9, *reprinted in* 1974 U.S. Code Cong. & Admin. News 7103) (F.R.E. conference committee defined crime of dishonesty as "crimes such as perjury or subrogation of perjury, false statement, criminal fraud, embezzlement, or false pretense.")

3. **Motion to Exclude the Conclusions of Milwaukee Police Department Internal Affairs Investigation from Evidence.**

Pursuant to Federal Rule of Evidence 403, Plaintiff moves the Court to exclude the Milwaukee Police Department Internal Affairs investigation conclusions from evidence. The investigation's conclusions were the product of an internal review in which the Milwaukee Police Department failed to substantiate the citizen complaint Mr. White filed with the department. (Declaration of James P. End ("End Dec.") ¶ 3, Ex. 1 at 3-4.) The review found no evidence to support rule violations of Milwaukee Code of Conduct policies on Integrity and "inspir[ing] and sustain[ing] the confidence of our community." (Id. at 7.) This evidence should be excluded

pursuant to Federal Rule of Evidence 403, as its probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues.

Although a violation of an internal Code of Conduct on "Integrity" could tend to make it more likely that these officers acted in the outrageous manner as alleged by the plaintiff, see Fed. R. Evid. 401, the probative value of the conclusions from Defendant City of Milwaukee's own internal review is substantially outweighed by the risk that a jury will give undue weight to an official-looking decision made by an employee of the City of Milwaukee, Milwaukee Police Department—a defendant in this case and the entity that must indemnify the individual defendants for these constitutional law violations. *See* Wis. Stat. § 895.46. Additionally, evidence that the Defendant's internal conclusion could confuse the issues because Mr. White need not establish that internal Codes of Conducts were violated to prevail on his constitutional claims. Generally, an agency's internal procedures or conduct that contain determinations about the defendants' actions cannot be used as evidence due to the risk of improper influence on the jury. *See Halloway v. Milwaukee County,* 180 F.3d 820, 827, n. 9 (7th Cir. 1999) (district courts "retain[] significant discretion as to whether [administrative determinations] ought to be admitted" into evidence); *Vega v. Chi. Park Dist.,* 2017 U.S. Dist. LEXIS 119474, *16 (N.D. Ill. 2017) ("admitting evidence of the administrative hearing officer's findings had the likelihood of confusing the jury.") (citing *Lewis v. City of Chicago Police Dept.,* 590 F.3d 427, 442 (7th Cir. 2009)).

3. **Motion to Exclude Any References by Any Witness to Any Awards or Commendations Received by Any Defendant.**

Plaintiff moves to exclude testimony regarding or evidence of any awards or commendations received by any of the Defendants. Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to

4

decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common v. City of Chicago*, 661 F.3d at 947 (7th Cir. 2011) (citation omitted). In a similar vein, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). "Character evidence encompasses evidence of a defendant's prior commendations and awards," since "the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits." *United States v. Brown*, 503 F. Supp. 2d 239, 242 (D.D.C. 2007). Finally, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "Courts typically consider evidence of military or police commendations as impermissible character evidence, beyond ordinary background evidence." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 954785, at *1 (N.D. Fla. Mar. 14, 2021) (collecting and identifying cases).

Defendants in this case are all police officers, and the Plaintiff's claims involve these officers violating his civil rights. Evidence of Defendants' awards or commendations would be "impermissible character evidence," as "the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits." *See Brown*, 503 F. Supp. 2d at 242. Moreover, the evidence would have little probative value, which would be substantially outweighed by its prejudicial effect. *See In re 3M Combat Arms*, 2021 WL 954785, at *1. Therefore, evidence of Defendants' prior awards or commendations should be excluded.

4. **Motion to Exclude Any Reference to the 2019 Tax Warrant Issued Against Bianca Williams.**

Plaintiff moves to exclude any testimony or references regarding Bianca Williams's 2019 tax warrant pursuant to Fed. R. Evid. 402 and 403. Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common*, 661 F.3d at 947 (citation omitted). At deposition, defense counsel raised the issue of the 2019 tax warrant with Ms. Williams. (End Dec. ¶ 4, Ex. 2, Williams Dep. 44:3-16.) Even if this evidence is relevant, *arguendo*, any probative value of this evidence is substantially outweighed by the danger that the review will mislead and confuse the jury. The Seventh Circuit has allowed the use of tax fraud convictions against defendants in prior cases. *United States v. Wilson,* 985 F.2d 348, 351 (7th Cir. 1993) (defendant's failure to file tax returns involved crime of dishonesty). However, Ms. Williams is not a party to this matter and her tax warrant did not involve a fraudulent return; Ms. Williams does not have a conviction for filing fraudulent tax returns or other tax crimes involving dishonesty, so the fact that she is currently paying back taxes from 2019 is unduly prejudicial, irrelevant, and confuse or inflame the jury. Therefore, this evidence should be excluded.

**5. Motion to Exclude Any Reference to Lawrence Long Being Paid in Cash Through His Employment.**

Plaintiff moves to exclude any testimony or references regarding Lawrence Long's employer paying him cash without providing him with any income tax forms pursuant to Federal Rules of Evidence 402 and 403. Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an

improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common*, 661 F.3d at 947 (citation omitted).

In this case, the defense has made it clear that they will attempt to discredit any witness who testifies against the defendant officers in this matter. At deposition, the Assistant Milwaukee City Attorney assigned to the case asked questions of the two lay witnesses in this matter, Bianca Williams and Lawrence Long, regarding past tax issues. (End. Dec. ¶ 4, Ex. 2, Williams Dep. 44:3-16; End Dec. ¶ 5, Ex. 3, Long Dep. 8:8-9:17.) These questions to the lay witnesses elucidate the defense's attempts to paint the lay witnesses testifying on Mr. White's behalf as untruthful and untrustworthy based on collateral personal tax issues. Rule 403 protects against such unduly prejudicial personal attacks, and all references should be excluded because they will "induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Common*, 661 F.3d at 947 (internal quotations omitted).

6. **Motion to Exclude Judge's Commentary from April 17, 2019 Sentencing Hearing.**

Mr. White was sentenced with respect to the 2018 burglary charges on April 17, 2019 in Milwaukee County. (End Dec. ¶ 6, Ex. 4, Sentencing Tran.) During the sentencing hearing, the Milwaukee County Circuit Court Judge made several off hand comments about Mr. White, including the following:

- referred to Mr. White as a "one person crime wave" (Id. at 21:18-20);

- stated that the facts must be viewed "through the context of 20 years of stealing unfortunately back to 1999, 16 convictions, and really it's time to retire" (Id. at 21:24-22:2); and

- stated that "we can debate whether or not it's appropriate for the police to spread a false rumor throughout the community if that's in is fact what happened. On the other hand,

7

they all know you. They are sick of you because they are constantly conducting investigations based on your stealing in particular through February and March of 2018, and you know, either you're really bad at it and you got caught four times or you've done a heck of a lot more stealing than what we have in front of us" (Id. at 22:8-18).

The commentary from the circuit judge is unduly prejudicial. To begin, Mr. White was convicted only of one burglary, not four, around February and March of 2018. (Id. at 3:10-5:2.) Calling Mr. White a "one person crime wave" would impermissibly allow an inference that he committed numerous burglaries—more than four and certainly more than the sole conviction—and would inflame the jury. There is no dispute that the police were searching for Mr. White on suspicion of burglaries—the jury will hear and understand that—but allowing a jury to hear a circuit judge's thoughts and opinions poses the risk that the jury would place undue weight to the testimony of a court official cloaked with legal authority and esteem. Considering that the commentary has no bearing on whether the defendant officers engaged in the conduct outlined in Mr. White's complaint, it must be excluded because "its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common*, 661 F.3d at 947 (citation omitted).

If the Court were to allow the jury to hear the judge's commentary during sentencing, then it is highly likely that the jury would be induced to decide Mr. White's case based upon an emotional basis, rather than a factual one. Whether Mr. White actually stole one snow blower, or four, or 300, the fact remains that he was convicted of only one, and he has never been suspected

8

of committing any sex-based crime involving minors—the true issue in this case. (End Dec. ¶ 7, Ex. 5, Defs. RFA Responses.)

7. **Motion to Exclude References by Defense Counsel to the Fact that He or She is New to the Case.**

Mr. White moves to exclude any references by defense counsel that he or she is new to the present case. Defendants' current counsel is the seventh attorney to appear on behalf of these defendants. However, counsel for Mr. White was informed on September 21, 2022 that the current city attorney assigned to represent the Defendants at trial is leaving the Milwaukee City Attorney's Office as of September 30, 2022. Considering the short period of time between current counsel's departure and the trial scheduled to begin on October 17, defense counsel may attempt to garner sympathy from the jury based on the turnover at the City Attorney's Office. Such attempts must be excluded.

Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common*, 661 F.3d at 947 (citation omitted). Here, the only conceivable purpose for defense counsel to raise the fact that he or she is new to the case would be in an attempt to garner sympathy. Such attempts must be excluded pursuant to *Common*.

For the reasons set forth herein, the Court should grant each Motion in its entirety.

Dated this 22nd day of September, 2022.

FIRST, ALBRECHT & BLONDIS, S.C.
Attorneys for Plaintiff

s/ James P. End
_____

+  James P. End
State Bar No. 1032307
Thomas C. Lenz
State Bar No. 1055135
Bryn I. Baker
State Bar No. 1102534
158 N. Broadway, Suite 600
Milwaukee, WI 53202
Telephone: (414) 271-1972
Facsimile: (414) 271-1511
Email: jend@fabattorneys.com
tlenz@fabattorneys.com
bbaker@fabattorneys.com