UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

LEONARD WHITE,

                        Plaintiff,

v.                                                       Civil Action No. 2:21-cv-146-BHL

CITY OF MILWAUKEE, et al.,
                        Defendants.

## Defendants' Rule 16(c) Pre-trial report

Defendants City of Milwaukee, by their attorneys, Tearman Spencer, City Attorney, by Anthony Jackson, Assistant City Attorney, pursuant to Civil Local Rule 16(c) hereby submits the following Pre-Trial Report:

**1.**    **Summary of Claims and Background**

This is a civil rights case brought under 42 U.S.C. § 1983 where Leonard White, the Plaintiff, alleges he was subjected to defamatory statements made by City of Milwaukee Department police officers in 2018. During 2018, White was accused of committing multiple burglary offenses in the city of Milwaukee, for which he later pled guilty and was convicted for an attempted burglary offense. During the course of the Milwaukee Police Department's investigation, White alleges that officers made statements that he was wanted for child rape. White claims Defendant Officers Kotnik, Jr., Rupnick, Schwandt, and/or Lastrilla spread false information that he was a child rapist. The alleged false information was spread within the community and appeared in social media posts that went viral.

White alleges the officers' defamatory conduct was a state created danger that damaged his reputation and caused him to be a victim to street violence within the community. White has brought various claims against the Defendants including a defamation claim under state law, as well as a *Monell* claim, a failure to intervene claim, and a due process claim under the Fourteenth Amendment. Defendants deny these allegations.

2. **Statement of Issues**
    a. Whether the Defendants' conduct rose to a level of a state created danger?
    b. Whether Defendants Failed to Intervene in the deprivation of Plaintiff's constitutional rights?
    c. Whether Defendants' defamed Plaintiff?
    d. Whether Defendants' conduct was malicious or in reckless disregard of Plaintiff's rights. If so, what amount of money, if any, is appropriate to punish the Defendants for their conduct and to serve as an example or warning to the Defendants and others not to engage in similar conduct in the future.

3. **Estimated Time Needed for Trial**
    a. Four to five days

4. **Stipulations**
    a. The Defendants do not dispute that they were acting under "color of law" at all material times

5. **Defendants' Witnesses Expected to Testify**
    a. Defendant Thomas Kotnik (Police officer, Milwaukee, WI)
    b. Defendant Gregory Rupnick (Police officer, Milwaukee, WI)
    c. Defendant Michael Schwandt (Police officer, Milwaukee, WI)
    d. Defendant Kim Lastrilla (Police officer, Milwaukee, WI)
    e. Sgt. Steven Stelter (Police Officer, Milwaukee, WI)
    f. Efrain Cornejo (Police Officer, Milwaukee, WI)
    g. Eric Schilling-Mess (Police Officer, Milwaukee, WI)
    h. Kyle Mrozinski (Police Officer, Milwaukee, WI)

Defendants reserve the right to examine adversely either as part of their case in chief or on cross examination any witness identified or called by Plaintiff, as well as the right to call rebuttal witnesses if appropriate.

6. **Number of Jurors**
    a. The Defendants request eight jurors

7. **Exhibit List**
    a. Lowe Facebook post
    b. Farmer Facebook post
    c. MPD IR No. 180730067
    d. MPD IR 180370023

  e. MPD IR 180110019
  f. DOC Medical records
  g. Wellpath medical records
  h. Leonard White deposition transcript September 13, 2022 (for impeachment)
  i. Plaintiff's responses to Defendants' First Set of Interrogatories
  j. SOP 570 Public Information Policy
  k. SOP 725 Crime Scene Investigation
  l. SOP 220 Arrest Authority
  m. SOP 085 Citizen Contacts, Field Interviews

  Defendants reserve the right to add additional exhibits as necessary on redirect, on cross examination, and for rebuttal.

**8. Depositions to be Read**
  a. Not applicable at this time

**9. Jury Trial Information**
  a. Proposed Jury Instructions
    i. 1.01 Functions of the Court
    ii. 1.04 Evidence
    iii. 1.06 What is not Evidence
    iv. 1.07 Note Taking
    v. 1.08 Consideration of All Evidence Regardless of Who Produced
    vi. 1.09 (if needed)
    vii. 1.11 Weighing the Evidence
    viii. 1.12 Direct and Circumstantial Evidence
    ix. 1.13 Testimony of Witnesses
    x. 1.14 Prior Inconsistent Statements (if needed)
    xi. 1.15 Impeachment of Witness –convictions
    xii. 1.17 Number of Witnesses
    xiii. 1.18 Absence of Evidence
    xiv. 1.19 Adverse Inference from Missing Witness
    xv. 1.24 Demonstrative Evidence (if needed)
    xvi. 1.27 Burden of Proof
    xvii. 1.32 Selection of Presiding Juror
    xviii. 1.33 Communication with court
    xix. 1.34 Disagreement among jurors
    xx. 2.05 Stipulations of fact
    xxi. 2.09 use of interrogatories (if needed)
    xxii. 7.21 Due process state created danger
    xxiii. 7.22 Failure to Intervene
    xxiv. 7.26 Compensatory Damages
    xxv. 7.28 Punitive Damages

xxvi. JI Civil 2500 Defamation
xxvii. 7.24 Municipal Liability

## 10. Defendants' Proposed Verdict Form

Defendants have no objections to Plaintiff's proposed Verdicts except for verdict "Number 1."

The Defendants would recommend the following language for verdict number 1: Did any of the following Defendants violate the Plaintiff's due process rights based on a state created danger?

    a. Thomas Kotnik    Yes or No
    b. Gregory Rupnik    Yes or No
    c. Michael Schwandt    Yes or No
    d. Kim Lastrilla    Yes or NO

## 11. Voir Dire Questions

Defendants do not object to the Plaintiff's proposed voir dire questions. Defendants seek to supplement with the following voir dire questions:

a. Have you or any members of your family or close friends made a claim against any law enforcement department? Please briefly explain.
b. Has anyone ever had a negative experience dealing with a law enforcement officer?
c. Have you read any negative online or print news about the Milwaukee Police Department in the last two years?
    i. Have you formed opinions about the Milwaukee Police officers as a result?
    ii. Would the content of the articles make it difficult for you to sit as an impartial juror?
d. Has anyone participated in any defund the police protests?
e. Has anyone participated in any Blue Live Matter protests?

Dated at Milwaukee, Wisconsin this 5th day of October, 2022

TEARMAN SPENCER
Milwaukee City Attorney

s/Anthony Jackson
Anthony Jackson

Assistant City Attorney
State Bar No. 1090574
*Attorneys for Defendants*

P.O. ADDRESS
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Phone: (414) 286-8401
Fax: (414) 286-8550
Email: lajack@milwaukee.gov