UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEONARD C. WHITE,**

        **Plaintiff,**

v.                                       Case No. 21-CV-146

**CITY OF MILWAUKEE, ET AL.,**

        **Defendants.**

---

## ORDER REGARDING MEDIATION PROCEEDINGS

The above matter has been referred to me for mediation by United States District Judge Brett Ludwig. Based on this referral and pursuant to the order,

**IT IS HEREBY ORDERED**:

1. I will conduct a settlement conference on **December 1, 2022 starting at 9:00 A.M. and ending at 12:00 P.M.** The parties shall appear via video conference through Zoom. The Zoom connection information will be provided to the parties via email no later than one day prior to the conference. The mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2. Primary counsel who will try the case must be present.

3. A person with full settlement authority also must be physically present at the conference; parties shall not be permitted to appear by telephone. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party, who can settle the case during the course of the conference *without consulting a superior*.

4. **Pre-settlement Conference Demand and Offer**

A. A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals. Prior to the conference, the attorneys are directed to discuss settlement with their respective clients and, if applicable, insurance representatives.

B. In addition, on or before a mutually agreed upon date by the parties, but not later than **November 25, 2022,** plaintiff's counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate.

C. On or before a mutually agreed upon date by the parties, but not later than **November 25, 2022,** defendant's counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

D. This process may lead directly to a settlement. If a settlement results, the plaintiff shall promptly notify my chambers at 414-290-2261.

5. **Mediation Conference Statement**

    A. The following documents *shall NOT be electronically filed*. These documents shall be used only for mediation and shall not become part of the court's file in this matter. The following documents shall be sent via Email, in PDF, to DriesPO@wied.uscourts.gov.

    B. No later than **5:00 P.M.** (CT) **November 25, 2022,** *plaintiff's counsel* shall provide me with the following two sets of materials:

        i. A copy of: (a) the plaintiff's written settlement demand provided to defendant's counsel; and (b) the defendant's written offer provided to plaintiff's counsel exchanged as part of the pre-settlement conference demand and offer procedure set forth in Part 4 of this Order.

        ii. A separate *ex parte* letter that shall include the minimum settlement position of the plaintiff, including all damages, costs, and attorneys' fees. This letter should

also include any additional information, not otherwise set forth in the mediation letter, that the plaintiff believes will assist me in mediating this matter, such as impediments to settlement and a candid assessment of the strength and weaknesses of the plaintiff's case. The plaintiff should avoid submitting lengthy exhibits or other attachments. This letter shall not be provided to the defendant.

C. No later than **5:00 P.M.** (CT) **November 25, 2022,** *defendant's counsel* shall provide me with the following:

   i. A separate *ex parte* letter that shall include the maximum settlement position of the defendant, including all damages, costs, and attorneys' fees. This letter should also include any additional information, not otherwise set forth in the mediation letter, that the defendant believes will assist me in mediating this matter, such as impediments to settlement and a candid assessment of the strength and weaknesses of the defendant's case. The defendant should avoid submitting lengthy exhibits or other attachments. This letter shall not be provided to the plaintiff.

6. The purpose of the mediation is to permit an informal discussion between the attorneys and parties on all aspects of the lawsuit that bear on settlement. To promote a full and open discussion, communications occurring during the mediation cannot be used by any party with regard to any aspect of this litigation. *See* Civil L.R. 16(d)(3).

Dated at Milwaukee, Wisconsin this 24th day of October, 2022.

STEPHEN C. DRIES
United States Magistrate Judge